## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JOHN HENRY AARON, IV,

     Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and JPMORGAN CHASE
BANK, N.A. d/b/a JPMCB AUTO
FINANCE,

     Defendant.

Case No.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JOHN HENRY AARON, IV (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE (hereinafter "Chase Auto") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## **PRELIMINARY STATEMENT**

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Miami-Dade County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of Florida and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     Chase Auto is a corporation with its principal place of business in the State of Ohio and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

17.     Chase Auto is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Chase Auto furnished information about Plaintiff to Experian and Trans Union that was inaccurate.

## **FACTUAL ALLEGATIONS**

19.     Plaintiff had an auto loan with Chase Auto, partial account number 1203531457**** (hereinafter "Chase Auto Account").

20.     On or about December 28, 2023, Plaintiff contacted Chase Auto via telephone to request an extension on his monthly payment which was due on December 30, 2023.

21.     During that telephone call, the representative offered, and Plaintiff accepted, a two-week extension until January 12, 2024.

22.     On or about January 9, 2024, Plaintiff made a payment in the amount of $500.00 to Chase Auto.

23.     On or about January 12, 2024, Plaintiff a payment in the amount of $438.95 to Chase Auto.

24.     On or about January 24, 2024, Plaintiff obtained a copy of his Experian and Trans Union credit reports. Upon review, Plaintiff observed that the Chase Auto Account was reported erroneously with a status of 30 days past due in January 2024.

25.     On or about January 25, 2024, Plaintiff contacted Chase Auto by phone and spoke to representative "Laury" who confirmed the December 30, 2023, payment was extended to January 12, 2024.

26.     On or about January 30, 2024, Plaintiff submitted online a detailed written dispute letter to Experian and Trans Union regarding the inaccurate

reporting. In the letter, Plaintiff explained the Chase Auto Account should be reported as paid as agreed in January 2024 and not 30 days past due. To confirm his identity, copies of his driver's license and U.S. Passport were included. Further, Plaintiff provided images of the erroneous reporting and images of the proofs of payment.

27.    On or about February 13, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Chase Auto Account was updated. However, Trans Union continued to report the Chase Auto Account as 30 days past due.

28.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

29.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

30.    Upon information and belief, Trans Union notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

31.    On or about February 19, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Chase Auto Account was updated. However, Experian continued to report the Chase Auto Account as 30 days past due.

32.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

33.     Experian never attempted to contact Plaintiff during the alleged investigation.

34.     Upon information and belief, Experian notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.     On or about February 19, 2024, Plaintiff reported the Chase Auto Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240219-13358611.

36.     In the CFPB report, Plaintiff detailed the fact that the Chase Auto Account was reported as 30 days past due in January 2024, and he requested an investigation into the inaccurate reporting.

37.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

38.     Upon information and belief, Experian and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the Chase Auto Account on his credit report.

39.     Due to the continued inaccurate reporting, on or about February 21, 2024, Plaintiff submitted online another dispute letter to Trans Union. In the letter, Plaintiff reiterated the Chase Auto Account should be reported as paid as agreed in January 2024 and not 30 days past due. To confirm his identity, copies of his driver's license and U.S. Passport were included. Further, Plaintiff provided images of the erroneous reporting, images of the proofs of payment, and images of his filed CFPB Complaint.

40.     Due to the continued inaccurate reporting, on or about February 28, 2024, Plaintiff submitted online another dispute letter to Experian. In the letter, Plaintiff reiterated the Chase Auto Account should be reported as paid as agreed in January 2024 and not 30 days past due. To confirm his identity, copies of his driver's license and U.S. Passport were included. Further, Plaintiff provided images of the erroneous reporting, images of the proofs of payment, and images of his filed CFPB Complaint.

41.     On or about February 29, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Chase Auto Account was verified and remains unchanged.

42.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

43.    Experian never attempted to contact Plaintiff during the alleged investigation.

44.    Upon information and belief, Experian notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.    On or about March 5, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Chase Auto Account was updated. However, Trans Union continued to report the Chase Auto Account as 30 days past due.

46.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

47.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

48.    Upon information and belief, Trans Union notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

49.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Defendants continued to inaccurately report the payment status of the

Chase Auto Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

50.     Experian and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

51.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

52.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.     Loss of time attempting to cure the errors;

iii.     Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.     Reduction in credit score; and

v.     Apprehensiveness to apply for new credit due to the fear of rejection.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violation of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Experian Information Solutions, Inc. (Negligent)**

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

54.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

59.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

60.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

61.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

62.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

64.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

65.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

66.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in

the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

67.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

68.     Plaintiff provided Experian with the information it needed to confirm that the Chase Auto tradeline should be reported as timely paid in January 2024 and not 30 days past due, including but not limited to proof of the timely payment to Chase Auto, and other relevant supporting documents. Experian ignored this information and failed to respond to Plaintiff's disputes.

69.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

72.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

73.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

74.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

75.     Plaintiff provided Experian with the information it needed to confirm that the Chase Auto tradeline should be reported as timely paid in January 2024 and not 30 days past due, including but not limited to proof of the timely payment to Chase Auto, and other relevant supporting documents. Experian ignored this information and failed to respond to Plaintiff's disputes.

76.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

80.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

82.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VI
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Trans Union LLC (Willful)**

85.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

86.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

87.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

88.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

90.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

92.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in

the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

93.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

94.     Plaintiff provided Trans Union with the information it needed to confirm that the Chase Auto tradeline should be reported as timely paid in January 2024 and not 30 days past due, including but not limited to proof of the timely payment to Chase Auto, and other relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

95.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

99.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

100.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

101.    Plaintiff provided Trans Union with the information it needed to confirm that the Chase Auto tradeline should be reported as timely paid in January 2024 and not 30 days past due, including but not limited to proof of the timely payment to Chase Auto, and other relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

102.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

103.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

<u>**COUNT IX**</u>
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, JPMorgan Chase Bank, N.A. d/b/a JPMCB Auto Finance**
**(Negligent)**

105.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

106.   Chase Auto furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

107.   After receiving Plaintiff's disputes, Chase Auto violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

108.   Plaintiff provided all the relevant information and documents necessary for Chase Auto to have identified that the account status was inaccurate.

109.   Chase Auto knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

110.   Chase Auto violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

111.   As a direct result of this conduct, action, and/or inaction of Chase Auto, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and inaction of Chase Auto was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Chase Auto in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. d/b/a JPMCB Auto Finance (Willful)

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

115.    Chase Auto furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

116.    After receiving Plaintiff's disputes, Chase Auto violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

117.    Plaintiff provided all the relevant information and documents necessary for Chase Auto to have identified that the account status was inaccurate.

118.    Chase Auto knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

119.    Chase Auto violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

120.    As a direct result of this conduct, action, and/or inaction of Chase Auto, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and inaction of Chase Auto was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

122.   Plaintiff is entitled to recover costs and attorney's fees from Chase Auto in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN HENRY AARON, IV, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and JPMORGAN CHASE BANK, N.A. d/b/a JPMCB

AUTO FINANCE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of March 2024.

Respectfully submitted,

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
*Attorney for Plaintiff*